UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF WILLIAM HAYDEN SCHUCK, et al., | Case No.:  3:23-cv-00785-DMS-AHG |
| Plaintiffs, | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR LEAVE TO CONDUCT LIMITED DISCOVERY TO ASCERTAIN DOE DEFENDANTS** |
| v. | |
| COUNTY OF SAN DIEGO, et al., | |
| Defendants. | **[ECF No. 10]** |

Before the Court is Plaintiffs' *Ex Parte* Motion for Leave to Conduct Limited Discovery to Ascertain "Doe" Defendants' Identities. ECF No. 10. Plaintiffs ask the Court to permit them to propound special interrogatories prior to the Rule 26(f) conference, to identify approximately 22 unnamed defendants. *Id*. at 8–9. For the reasons set forth below, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' motion.

## I.   BACKGROUND

Plaintiffs Sabrina Schuck and Timothy Schuck ("Plaintiffs"), the parents of deceased Hayden Schuck ("Hayden"), filed a Complaint[1] against the County of San Diego ("County"), Correctional Healthcare Partners ("CHP"), various individual defendants, "Defendant Deputy Does [4][2]-14," "Defendant Medical Provider Does 2-6,"[3] and "Defendant Deputy Supervisor Does 1-6." ECF No. 25 at ¶¶ 12, 24, 26–31. Plaintiffs allege "causes of action under 42 U.S.C. § 1983 for Defendants' deliberate indifference to Hayden's serious medical needs as well as state law claims for violations of the Bane Act, failure to summon medical care, wrongful death, negligence, and negligent training and supervision." ECF No. 10 at 2; *see* ECF No. 25.

In the instant motion, Plaintiffs seek leave to conduct discovery prior to the Rule 26(f) conference to learn the Doe Defendants' identities. ECF No. 10. Specifically, Plaintiffs seek an order permitting them to propound eleven special interrogatories on the County. *Id*. at 8–9. The County and CHP oppose Plaintiffs' motion. ECF Nos. 23, 24. This Order follows.

## II.   LEGAL STANDARD

A party is generally not permitted to obtain discovery before the parties have

---

[1] On April 28, 2023, Plaintiffs filed their original complaint. ECF No. 1. On June 2, 2023, Plaintiffs filed their amended complaint. ECF No. 25; *see* ECF No. 20 (both parties consented to the filing of the amended complaint). Though the instant motion was filed before the amended complaint, the Court will consider the operative amended complaint in its analysis.

[2] Defendant Deputy Does 1, 2, and 3 have been identified in the amended complaint. ECF No. 25 at ¶¶ 18–20 ("Defendant Deputy Thomas Mace [was] formerly Defendant Deputy Doe 1[,] Defendant Deputy Jeff Amado [was] formerly Defendant Deputy Doe 2)[, and] Defendant Deputy Sven Soderberg [was] formerly Defendant Deputy Doe 3").

[3] Defendant Medical Provider Doe 1 has been identified in the amended complaint. ECF No. 25 at ¶ 17 ("Defendant Jennifer Vivona RN [was] formerly Defendant Medical Provider Doe 1").

conferred pursuant to Federal Rule of Civil Procedure 26(f). FED. R. CIV. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except … by stipulation, or by court order."). However, courts have made exceptions to allow limited early discovery when there is good cause. *Rovio Entm't Ltd. v. Royal Plush Toys, Inc.*, 907 F. Supp. 2d 1086, 1099 (N.D. Cal. 2012). ("In the Ninth Circuit, courts use the good cause standard to determine whether discovery should be allowed to proceed prior to a Rule 26(f) conference."). Good cause exists "where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc. v. Tokyo Electron Am., Inc*., 208 F.R.D. 273, 276 (N.D. Cal. 2002). In determining whether a party has shown good cause to grant expedited discovery, courts "commonly consider[]" the following non-exhaustive factors: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1067 (C.D. Cal. 2009) (internal quotation omitted); *see, e.g.*, *Synopsys, Inc. v. AzurEngine Techs., Inc*., 401 F. Supp. 3d 1068, 1076–77 (S.D. Cal. 2019) (applying the same factors); *Palermo v. Underground Solutions, Inc.*, No. 12cv1223-WQH-BLM, 2012 WL 2106228, at *2 (S.D. Cal. June 11, 2012) (same).

Consistent with this generally recognized exception to Rule 26(f), the Ninth Circuit has held that "'where the identity of the alleged defendant[] [is] not [] known prior to the filing of a complaint[,] the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.'" *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (brackets in original) (quoting *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). Thus, in cases where plaintiffs are seeking to learn the identity of Doe defendants through early discovery, courts examine whether the plaintiff (1) identifies the Doe defendant with sufficient specificity so that the court can

determine that the defendant is a real person or entity who can be sued in federal court; (2) describes all previous steps taken to identify and locate the defendant; (3) establishes that the suit could withstand a motion to dismiss; and (4) establishes that the discovery requested is likely to lead to identifying information about the defendant that will permit service of process. *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999). These factors are considered to ensure the expedited discovery procedure "will only be employed in cases where the plaintiff has in good faith exhausted traditional avenues for identifying a civil defendant pre-service, and will prevent use of this method to harass or intimidate." *Id.*

## III.   PARTIES' POSITIONS

Plaintiffs seek leave of Court to propound the following Special Interrogatories on the County:

> 1.    Identify the Sheriff's Department deputies whose duties included summoning medical or mental health care, observing any audio or video monitors, and/or conducting wellness or safety checks on Hayden in any housing unit at the San Diego County Jail in which Hayden was housed from March 10, 2022 to March 16, 2022.
>
> …[4]
>
> 5.    Identify the Sheriff's Department deputies who worked shifts in the booking unit from March 10, 2022 to March 15, 2022.
>
> 6.    Identify the Sheriff's Department deputies who worked shifts in housing unit "7D" or "Module D" on the seventh floor from March 15, 2022 to March 16, 2022.

---

[4] Plaintiffs propose eleven special interrogatories in their motion. ECF No. 10 at 8–9. However, three of the interrogatories have since been answered by other means. *Compare Id.* (instant motion, proposing the following interrogatories: "Identify Sheriff's Department Deputy # 4324. [] Identify Sheriff's Department Deputy # 4193. [] Identify Sheriff's Department Deputy # 3397.") *with* ECF No. 23 at 8 (the County's opposition, pledging to provide Plaintiffs with the names of the three deputies whose badge numbers were listed in the complaint) *and* ECF No. 25 at ¶¶ 18–20 (amended complaint, naming deputies #4324, #4193, and #3397). Thus, the Court **DENIES** Plaintiffs' motion as to Special Interrogatory Nos. 2, 3, and 4.

7.     Identify the Sheriff's Department deputies who transported and escorted Hayden to and from court, holding cells, and transportation vehicles on March 15, 2022.

8.     Identify the Sheriff's Department deputies who were responsible for training all deputies identified in Special Interrogatories 1-7.

9.     Identify the Sheriff's Department deputies who were responsible for supervising all deputies identified in Special Interrogatories 1-7.

10.     Identify the County employees, agents, or contractors working within the Sheriff's Department Medical Services Division from March 10, 2022 to March 16, 2022 who were responsible for Hayden's medical care, including follow-up assessments and referrals for further treatment, whether or not they actually provided Hayden with any medical care.

11.     Identify the "Qualified Mental Health Provider" referenced within Hayden's medical records, and described in the Complaint, as having evaluated Hayden during the booking process on or about March 10, 2022.

ECF No. 10 at 8–9. Plaintiffs contend that these Special Interrogatories are narrowly tailored and are "highly likely to result in learning the unknown defendants' identities." *Id*. at 9. Plaintiffs argue that these discovery requests are not burdensome to the County because it has already gathered the information. *Id*. at 10. For example, Plaintiffs note that the County directed and participated in multiple investigations regarding Hayden's death by the Sheriff's Homicide Unit, Critical Incident Review Board, County Medical Examiner's Department, and Citizen's Law Enforcement Review Board. *Id*. at 10–11.

Plaintiffs argue that the Doe Defendants are described with the requisite specificity in the complaint, noting that Plaintiffs alleged "all of the details that the County would need to identify the defendants—Hayden's identity, the jail Hayden was booked into, the date of his booking, the date of his death, and his housing locations within the jail according to the Medical Examiner's report, for example." *Id*. at 6. Plaintiffs explain that they submitted a Public Records Act request, which was denied, and attempted to contact the County's counsel to discuss the issue, to no avail. *Id*. at 6–7. Plaintiffs also searched the reports and press releases issued by the County, Sheriff's Department, and Medical Examiner for names of those involved, but none were listed. *Id*. at 7. Plaintiffs contend that their claims against the Doe Defendants can withstand a motion to dismiss because each

Doe Defendant "owed a duty to Hayden as deputies, supervisors, and medical providers tasked with his health and safety[ and e]ach violated their duties[.]" *Id*.

Plaintiffs also argue that expedited discovery is warranted in this case to avoid irreparable harm. *Id*. at 9. If the Doe Defendants are not identified within 90 days of the filing of the original complaint, *i.e.*, by July 27, 2023, Plaintiffs risk their newly-amended complaint not relating-back, potentially leading to Plaintiffs' state law tort claims being time-barred. *Id*. at 9–10.

The County, joined by CHP, opposes Plaintiffs' request. ECF Nos. 23, 24. The County characterizes Plaintiffs' request as "seek[ing] to invade the privacy of groups of deputies and medical providers by obtaining their identities and publicly naming them in this lawsuit without waiting to conduct more thorough discovery in the ordinary course[.]" ECF No. 23 at 5. The County argues that identifying and naming the Doe Defendants "invade[s] the privacy of those individuals and intrude[s] on the lives, security and resources of their families." *Id*.

The County also contends that Plaintiffs' allegations against the Doe Defendants cannot withstand a motion to dismiss.[5] ECF No. 23 at 6. The County argues that Plaintiffs improperly lump all of the Doe Defendants together, when group liability is impermissible under § 1983. *Id*. at 6–7. The County argues that Plaintiffs do not allege specific facts about each individual Doe Defendant that would give rise to liability, since the grouped allegations against the Doe Defendants in the complaint encompass individuals who had no reason to know of Hayden's need for immediate medical care, had no roles with respect to his housing, or had no interactions with, or responsibilities to, him. *Id*. at 7.

## IV.   DISCUSSION

To determine whether good cause exists, generally, for early discovery, courts

---

[5] The Court notes that the County and its related individual defendants did not file a motion to dismiss and, instead, filed an answer. ECF No. 28.

consider the following:[6] "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Am. LegalNet*, 673 F. Supp. 2d at 1067 (internal quotation omitted). Here, the Court finds that four of the five factors clearly support early discovery. Upon review of the Special Interrogatories, the Court finds that Plaintiffs have proposed narrowly tailored discovery requests, for the legitimate purpose of identifying unnamed defendants before the statute of limitations runs. The Court is persuaded that the County readily has the information sought, since "the County is required to keep records regarding their employees' shifts and logs of safety checks[,]" and had participated in multiple investigations. ECF No. 10 at 9. Of note, neither the County nor CHP argued in their oppositions that any burden exists for gathering the requested information. Also, Plaintiffs' request is not made too far in advance of the typical discovery process. Since the County and many individual Defendants filed their answer (ECF No. 28), the Early Neutral Evaluation Conference and Case Management Conference will be promptly set by the undersigned and that order will include the requirement that the parties meet and confer pursuant to Rule 26(f). Thus, the Court finds good cause, generally.

Next, the Court will address whether there is good cause for expedited discovery for

---

[6] The County represents that the factors the Court should consider are (1) identifying the Doe Defendants with specificity, (2) making a good faith effort to identify the Doe Defendants, and (3) being able to withstand a motion to dismiss, quoting *Palermo*. However, upon review of the case, *Palermo* does not include any of the County's quoted material and, in fact, it utilizes the same standard Plaintiffs reference. *Compare* ECF No. 23 at 5–6 (attributing factors paraphrased from *Columbia Ins. Co.*, as quotations from *Palermo*) *with Palermo*, 2012 WL 2106228, at *2 (never mentioned *Columbia Ins. Co.* factors and instead explained: "In considering whether good cause exists, factors courts may consider include "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery request; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made.").

3:23-cv-00785-DMS-AHG

the specific purpose of ascertaining the identities of the Doe Defendants. The Court will examine whether Plaintiffs (1) identify the Doe Defendants with sufficient specificity so that the Court can determine that the defendant is a real person or entity who can be sued in federal court; (2) describe all previous steps taken to identify and locate the defendants; (3) establish that the suit could withstand a motion to dismiss; and (4) establish that the discovery requested is likely to lead to identifying information about the defendants that will permit service of process. *See Columbia Ins. Co.*, 185 F.R.D. at 578–80.

Though the County does not address the first, second, or fourth factors in its opposition, the Court will briefly address them for completeness. As to the first and fourth factors, the Court finds that Plaintiffs describe the Doe Defendants with sufficient specificity that they may be identified and then served, by referencing the dates and locations of the incidents. ECF No. 25 at ¶¶ 27–31, 56, 58, 121–22, 147–48, 151; *see Raiser v. San Diego Cnty.*, No. 19cv751-GPC-KSC, 2019 WL 4675773, at *2 (S.D. Cal. Sept. 25, 2019) (finding plaintiff sufficiently and specifically identified unnamed deputies where plaintiff "identifie[d] the times, dates, and locations" of stops). As to the second factor, the Court finds that Plaintiffs made diligent, good faith efforts to identify the Doe Defendants, by submitting a Public Records Act request, contacting the County's counsel, and searching reports and press releases. ECF No. 23 at 6–7; *see Raiser*, 2019 WL 4675773, at *2 (plaintiff made a good faith effort to identify the unnamed deputies when he contacted the clerk in the Records Department of the San Diego County Sheriff).

As to the third factor, the Court is not persuaded by the County's contention that Plaintiffs' allegations against the Doe Defendants could not withstand a motion to dismiss and do not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The County cites to *Finefeuiaki v. Maui Cmty. Corrs. Ctr. Staff & Affiliates*, No. 18cv249-DKW-KJM, 2018 WL 3580764, at *6 (D. Haw. July 25, 2018) for the proposition that, to withstand a motion to dismiss, a plaintiff must allege specific facts regarding how each particular doe defendant violated

his rights. ECF No. 23 at 7–8. However, though the court in *Finefeuiaki* noted that the plaintiff "adequately identifies the MCCC Staff as Doe Defendants for the purposes of commencing this action, because he clearly refers to specific MCCC Staff who took action on identified days in identified places," the court was referring to staff in the plural form, because the plaintiff in fact lumped groups of prison staff together in his complaint. *Finefeuiaki*, 2018 WL 3580764, at *6; *see Finefeuiaki*, Complaint, at 6 (June 25, 2018) ("the backup staffs came down to contain these three inmates…. No staffs and its affiliates closed my door"); *id.* at 7 ("staffs and affiliates, they were writing reports about my incident … I asked to be housed under the camera, I was denied"); *id.* at 8 ("I was denied by staff to be in a safe and proper haven…. Finally back up staffs came running to pull [the] inmate away…. I was set up to be attacked by ignoring my request for safety"). Here, the Court finds that Plaintiffs' groupings are likewise descriptive enough to withstand a motion to dismiss. For example, Plaintiffs allege that one group of Doe Deputies were those "who were responsible for transporting Hayden to and from court, holding cells, and transportation vehicles on March 15, 2022," and another group of Doe Deputies were those "who were responsible for summoning medical or mental health care, observing any audio or video monitors, or conducting wellness or safety checks on Hayden in any housing unit in which Hayden was housed from March 10, 2022 to March 16, 2022." ECF No. 25 at ¶¶ 27–28. Plaintiffs allege that Doe Deputy Supervisors were those who were responsible for training and supervising the Doe Deputies. *Id.* at ¶ 30. Plaintiffs allege that the Doe Medical Providers were those "who were responsible for Hayden's medical care, including [mental health and intake,] follow-up assessments and referrals for further treatment, whether or not they actually provided Hayden with any medical care." *Id.* at ¶ 31. Further, Plaintiffs point to specific events. *Compare Keavney v. Cnty. of San Diego*, No. 19cv1947-AJB-BGS, 2020 WL 4192286, at *4–*5 (S.D. Cal. July 20, 2020) (*sua sponte* dismissing claims against doe defendants pursuant to *in forma pauperis* screening because plaintiff "fail[ed] to even minimally explain how any of the unidentified parties he seeks to sue personally caused a violation of his constitutional rights.") *with* ECF No. 25 at ¶ 121 (Doe Deputies

witnessed Hayden slumped down the wall and losing balance but left him in his cell without summoning medical attention) *and id*. at ¶ 122 (between 8:00 p.m. and 9:00 p.m., two Doe Deputies escorted Hayden to a cell) *and id*. at ¶¶147, 148, 151 (Doe Deputies failed to perform timely or adequate wellness checks and violated internal policies) *and id*. at ¶¶ 56, 58 (Doe Medical Provider was present during the "receiving screening" process and knew or should have known that Hayden was under the influence of drugs or suffering withdrawal). Thus, the Court finds that Plaintiffs have "made some showing that an act giving rise to civil liability actually occurred." *Columbia Ins. Co.*, 185 F.R.D. at 580. As such, the Court finds good cause for expedited discovery to ascertain the identities of the Doe Defendants.

Lastly, the Court will consider whether "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool*, 208 F.R.D. at 276. The Court finds that the irreparable harm of Plaintiffs being unable to preserve their rights and bring claims in this matter outweighs the County's concern for the unnamed defendants' privacy. Should the County believe a defendant was named in the lawsuit frivolously, without evidentiary support, the County has the ability to file an appropriate motion. FED. R. CIV. P. 11(b)(3) (by presenting a pleading to the Court, the filer certifies that "the claims [] are warranted by existing law" and "the factual contentions have evidentiary support or … will likely have evidentiary support after a reasonable opportunity for further investigation"); FED. R. CIV. P. 12(b)(6) (failure to state a claim upon which relief can be granted). Plaintiffs, however, would have no recourse if their claims are found to be time-barred due to a failure to relate-back. Therefore, the balancing test likewise confirms that Plaintiffs' motion should be granted.

## V.    CONCLUSION

For the reasons set forth above, and for good cause shown, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' *Ex Parte* Motion for Leave to Conduct Limited Discovery to Ascertain Doe Defendants' Identities. ECF No. 10. Plaintiffs' Special Interrogatory Nos. 1, 5, 6, 7, 8, 9, 10, and 11 are deemed served as of the date of this order.

The County, and CHP to the extent the request is applicable, must serve responses on Plaintiffs no later than **June 30, 2023**.[7]

**IT IS SO ORDERED.**

Dated:  June 16, 2023

Honorable Allison H. Goddard
United States Magistrate Judge

---

[7] Good cause exists to shorten the normal thirty-day deadline to respond, given that the Defendants have been aware of these requests for a substantial period of time, the information appears to be readily available to them, and Plaintiffs need sufficient time to review the information and seek leave to amend their complaint to add additional defendants. *See* FED. R. CIV. P. 33(b)(2) (time for responding to interrogatories may be shortened by court order).

3:23-cv-00785-DMS-AHG