UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF WILLIAM HAYDEN SCHUCK, et al.,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 3:23-cv-00785-DMS-AHG<br><br>**ORDER:**<br><br>**(1) GRANTING IN PART JOINT MOTION TO MODIFY THE SCHEDULING ORDER, and**<br><br>**(2) ISSUING SECOND AMENDED SCHEDULING ORDER**<br><br>**[ECF No. 71]** |

Before the Court is the parties' joint motion to modify the scheduling order. ECF No. 71. The parties seek an order from the Court extending certain case management deadlines by approximately two months. *Id*.

Parties seeking to continue deadlines in the scheduling order must demonstrate good cause. FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent"); ECF No. 57 at 7 (Amended Scheduling Order, stating that "[t]he dates [] set forth herein will not be modified except for good cause shown"); *see also*

Chmb.R. at 2 (stating that any request for continuance requires "[a] showing of good cause for the request").

"Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.") (internal citation omitted). Therefore, "a party demonstrates good cause by acting diligently to meet the original deadlines set forth by the court." *Merck v. Swift Transp. Co.*, No. CV-16-01103-PHX-ROS, 2018 WL 4492362, at *2 (D. Ariz. Sept. 19, 2018).

Here, the parties have represented to the Court that, though they have been diligently working together to complete discovery, they need more time. ECF No. 71 at 2–3. Specifically, the parties explain that, "[w]ith the exception of one set of written interrogatories, one set requests for admission and a set of requests for production, all written discovery has been served and responded to, and the parties have conducted 16 depositions, including the depositions of both plaintiffs, seven deputies, six jail nurses, and one Rule 30(b)(6) deposition. Nevertheless, the parties are planning at least 15 additional depositions." *Id.* at 2. Further, counsel for the County Defendants highlights his limited availability before the current fact discovery cutoff of July 11, 2024. ECF No. 71-1 at 2. Additionally, Plaintiffs seek to amend their complaint to substitute certain Doe Defendants, which they assert may lead to needing additional discovery. ECF No. 71 at 3. As such, the parties request a five-month extension of the deadline to amend the pleadings, and a two-month extension of the fact discovery, expert discovery, and pretrial motion deadlines. *Id.* at 4.

The Court appreciates that the parties are working together and concludes that the parties have demonstrated diligence. Upon due consideration, the Court finds good cause

to **GRANT IN PART**[1] the motion. The Court issues the following Second Amended Scheduling Order:

    1.    Any motion to join other parties, to amend the pleadings, or to file additional pleadings must be filed by **August 9, 2024**.

    2.    All fact discovery must be completed by all parties by **September 16, 2024**. "Completed" means that all discovery requests governed by Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be propounded sufficiently in advance of the discovery cut-off date **so that they may be completed** by that date, taking into account the time permitted in the Rules for service, notice, and responses. If any discovery disputes arise, **counsel must meet and confer promptly and in good faith in compliance with Local Rule 26.1(a). A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the Court.** The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet-and-confer process. If the parties reach an impasse on any discovery issue, the movant must email chambers at efile_goddard@casd.uscourts.gov no later than 45 days after the date of service of the written discovery response that is in dispute, seeking a telephonic conference with the Court to discuss the discovery dispute. The email must include: (1) at least three proposed times mutually agreed upon by the parties for the telephonic conference; (2) a *neutral* statement of the dispute; and (3) one sentence describing (not arguing) each parties' position. The movant must copy opposing counsel on the email. No discovery motion may be filed until the Court has conducted its pre-motion telephonic conference, unless the movant has obtained leave of Court. **All**

---

[1] In their motion, the parties state that "[a]ll remaining dates, including the March 26, 2025 mandatory settlement conference, June 27, 2025 pre-trial conference and the August 4, 2025 trial date would remain as scheduled." ECF No. 71 at 5. However, the dates requested by the parties do impact the remaining dates in the scheduling order and the Court has continued them accordingly.

**parties are ordered to read and to fully comply with the Chambers Rules of Magistrate Judge Allison H. Goddard**, which can be found on the district court website and at:

https://www.casd.uscourts.gov/judges/goddard/docs/Goddard%20Civil%20Pretrial%20Procedures.pdf.

3. The parties must designate their respective experts in writing by **October 15, 2024**.[2] The parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Fed. R. Evid. This requirement is not limited to retained experts. The date for exchange of rebuttal experts must be by **November 18, 2024**. The written designations must include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide. The list must also include the normal rates the expert charges for deposition and trial testimony.

4. By **December 16, 2024**, each party must comply with the disclosure provisions in Rule 26(a)(2)(B) and (C) of the Federal Rules of Civil Procedure. This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony. **Except as provided in the paragraph below, any party that fails to make these disclosures will not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial. In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P. 37(c).**

5. Any party must supplement its disclosure regarding contradictory or rebuttal evidence under Fed. R. Civ. P. 26(a)(2)(D) by **January 21, 2025**.[3]

---

[2] The Court notes that the parties requested a deadline of October 14, 2024. ECF No. 71 at 4. However, that date is a federal holiday.

[3] The Court notes that the parties requested a deadline of January 20, 2025. ECF No. 71 at 4. However, that date is a federal holiday.

6. All expert discovery must be completed by all parties by **February 18, 2025**.[4] The parties must comply with the same procedures set forth in the paragraph governing fact discovery. Failure to comply with this section or any other discovery order of the court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.

7. All other pretrial motions must be filed by **March 21, 2025**. Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion. The period of time between the date you request a motion date and the hearing date may vary from one district judge to another. Please plan accordingly. Failure to make a timely request for a motion date may result in the motion not being heard. Motions in limine are to be filed as directed in the Local Rules, or as otherwise set by the district judge.

8. A Mandatory Settlement Conference will be conducted on **May 23, 2025** at **9:30 a.m.** in the chambers of Magistrate Judge Allison H. Goddard. Plaintiff must serve on Defendant a **written** settlement proposal, which must include a specific demand amount, no later than **May 1, 2025**. The defendant must respond to the plaintiff **in writing** with a specific offer amount prior to the Meet and Confer discussion. The parties should not file or otherwise copy the Court on these exchanges. Rather, the parties must include their written settlement proposals in their respective Settlement Conference Statements to the Court. Counsel for the parties must meet and confer in person or by phone no later than **May 8, 2025**. Each party must prepare a Settlement Conference Statement, which will be served on opposing counsel and lodged with the Court no later than **May 15, 2025**. The Statement must be lodged in .pdf format via email to efile_goddard@casd.uscourts.gov (not filed). The substance of the Settlement Conference Statement must comply fully with Judge Goddard's Mandatory Settlement Conference Rules (located at

---

[4] The Court notes that the parties requested a deadline of February 17, 2025. ECF No. 71 at 4. However, that date is a federal holiday.

https://www.casd.uscourts.gov/Judges/goddard/docs/Goddard%20Mandatory%20Settlement%20Conference%20Rules.pdf). Each party may also prepare an **optional** Confidential Settlement Letter for the Court's review only, to be lodged with the Court no later than **May 15, 2025**. The Letter must be lodged in .pdf format via email to efile_goddard@casd.uscourts.gov (not filed). Should a party choose to prepare a Letter, the substance of the Settlement Conference Letter must comply fully with Judge Goddard's Mandatory Settlement Conference Rules. **All parties are ordered to read and to fully comply with the Chambers Rules and Mandatory Settlement Conference Rules of Magistrate Judge Allison H. Goddard**.

9. Counsel shall file their Memoranda of Contentions of Fact and Law and take any other action required by Local Rule 16.1(f)(2) by **July 18, 2025**.

10. Counsel shall comply with the pre-trial disclosure requirements of Fed. R. Civ. P. 26(a)(3) by **July 18, 2025**. Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Fed. R. Civ. P. 37.

11. Counsel shall meet and take the action required by Local Rule 16.1(f)(4) by **July 25, 2025**. At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Local Rule 16.1(f)(4)(c). Counsel shall note any objections they have to any other parties' Pretrial Disclosures under Fed. R. Civ. P. 26(a)(3). Counsel shall cooperate in the preparation of the proposed pretrial conference order.

12. Counsel for plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f). By **August 1, 2025**, plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval. Opposing counsel must communicate promptly with plaintiff's attorney concerning any objections to form or content of the pretrial order, and both parties shall attempt promptly to resolve their differences, if any, concerning the order.

13. The Proposed Final Pretrial Conference Order, including objections to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the assigned district judge by **August 8, 2025**, and shall be in the form prescribed in and comply with Local Rule 16.1(f)(6).

14. The final Pretrial Conference is scheduled on the calendar of the **Honorable Dana M. Sabraw** on **August 15, 2025** at **10:30 a.m.**  The trial is scheduled to start on **September 15, 2025** at **9:00 a.m.**

15. The parties must review the chambers' rules for the assigned district judge and magistrate judge.

16. A post trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

17. The dates and times set forth herein will not be modified except for good cause shown.

18. Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of a district court judge. No reply memorandum shall exceed ten (10) pages without leave of a district court judge. Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents and a table of authorities cited.

**IT IS SO ORDERED.**

Dated:  June 28, 2024

_____
Honorable Allison H. Goddard
United States Magistrate Judge