UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF WILLIAM HAYDEN SCHUCK, et al.,<br><br>                         Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>                         Defendants. | Case No.: 3:23-cv-00785-DMS-AHG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART JOINT MOTION TO CONTINUE MANDATORY SETTLEMENT CONFERENCE AND VACATE REMAINING PRETRIAL DEADLINES**<br><br>**[ECF No. 113]** |

      Before the Court is the parties' joint motion to modify the scheduling order. ECF No. 113. The parties seek an order from the Court continuing the Mandatory Settlement Conference ("MSC"), which is presently set for September 24, 2025, and vacating all remaining pretrial deadlines, including the October 3, 2025, pretrial conference and the November 3, 2025, trial. *Id*.

      Parties seeking to continue deadlines in the scheduling order must demonstrate good cause. FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent"); ECF No. 105 at 4 (Amended Scheduling Order, stating that "[t]he dates [] set forth herein will not be modified except for good cause shown"); *see also*

Chmb.R. at 2 (stating that any request for continuance requires "[a] showing of good cause for the request"). Courts have broad discretion in determining whether there is good cause. *See, e.g.*, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992); *Liguori v. Hansen*, No. 2:11cv492-GMN-CWH, 2012 WL 760747, at *12 (D. Nev. Mar. 6, 2012). "Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson*, 975 F.2d at 609 ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification.... If that party was not diligent, the inquiry should end.") (internal citation omitted).

Here, the parties represent that Plaintiffs' counsel has a trial in another matter in mid-September, and is thus unavailable for the September 24, 2025, MSC. ECF No. 113 at 2. Plaintiff elaborated via email to court staff that "[t]rial call is on September 19 and we expect it to last at least through the following week. I would not think it would go too long into the week of the 29th if at all, but it's hard to say. It's a partial retrial[.]" Email to Chambers (June 9, 2025, at 10:43 AM). Also, the parties represent that the outcome of Defendants' Motions for Summary Judgement (ECF Nos. 109, 110) and Plaintiffs' Motion for Sanctions for Spoliation of Evidence (ECF No. 111) "will impact how the parties plan to proceed[.]" ECF No. 113 at 2. Thus, an MSC before the rulings are issued on those motions may not be fruitful. Further, the parties seek an order vacating the remaining case management deadlines, such as the pretrial conference and trial, in light of the pending dispositive motions. *Id*.

Upon due consideration, and upon discussion with the District Judge in this matter, the Court **GRANTS IN PART** and **DENIES IN PART** the parties' joint motion. ECF No. 113. In light of the trial conflict, the Court finds good cause to continue the MSC. However, the court does not find good cause to continue the pretrial conference or trial. The motions have not yet been ruled on, but they will be fully briefed by July 25, 2025 (*see*

ECF No. 114), which is two months before the pretrial conference. As such, any contention that the motions will not be ruled on in time is premature. The Court will, however, modify the pretrial conference deadlines to better comply with the current pretrial conference date. The Court orders the following:

1. Counsel shall file their Memoranda of Contentions of Fact and Law and take any other action required by Local Rule 16.1(f)(2) by **September 5, 2025**.

2. Counsel shall comply with the pre-trial disclosure requirements of Fed. R. Civ. P. 26(a)(3) by **September 5, 2025**. Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Fed. R. Civ. P. 37.

3. Counsel shall meet and take the action required by Local Rule 16.1(f)(4) by **September 12, 2025**. At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Local Rule 16.1(f)(4)(c). Counsel shall note any objections they have to any other parties' Pretrial Disclosures under Fed. R. Civ. P. 26(a)(3). Counsel shall cooperate in the preparation of the proposed pretrial conference order.

4. Counsel for plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f). By **September 19, 2025**, plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval. Opposing counsel must communicate promptly with plaintiff's attorney concerning any objections to form or content of the pretrial order, and both parties shall attempt promptly to resolve their differences, if any, concerning the order.

5. The Proposed Final Pretrial Conference Order, including objections to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the assigned district judge by **September 26, 2025**, and shall be in the form prescribed in and comply with Local Rule 16.1(f)(6).

6. An **all-day**, **in-person** Mandatory Settlement Conference is **CONTINUED** from September 24, 2025, to **October 1, 2025** at **9:30 a.m.** before the Honorable Allison H. Goddard[1] on the fifth floor of the Edward J. Schwartz U.S. Courthouse, 221 West Broadway, San Diego, California 92101. The Court requires the personal, *in-person* attendance of all parties, party representatives with full[2] settlement authority, including claims adjusters for insured defendants, and the primary attorney(s) responsible for the litigation at the conference. No later than **September 24, 2025**, each party must submit to the Court via email (not filed) (at efile_goddard@casd.uscourts.gov) the names, titles, and email addresses of all attendees. Court staff will then email all participants detailed instructions regarding the location of the Court's conference rooms. Plaintiffs must serve on Defendants a **written** settlement proposal, which must include a specific demand amount, no later than **September 12, 2025**. The defendants must respond to the plaintiff **in writing** with a specific offer amount prior to the Meet and Confer discussion. The parties should not file or otherwise copy the Court on these exchanges. Rather, the parties must include their written settlement proposals in their respective Settlement Conference Statements to the Court. Counsel for the parties must meet and confer in person or by phone no later than **September 19, 2025**. Each party must prepare a Settlement Conference

---

[1] Upon receipt of a joint email (to efile_goddard@casd.uscourts.gov) containing a firm date for private mediation and the name of the mediator, the settlement conference will come off calendar.

[2] The Court reminds the parties that parties and party representatives with full and complete authority to enter into a binding settlement must be present at the MSC. Full authority to settle means that a person must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485–86 (D. Ariz. 2003). Limited or sum certain authority is not adequate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595–97 (8th Cir. 2001). A person who needs to call another person who is not present at the MSC before agreeing to any settlement does not have full authority.

Statement, which will be served on opposing counsel and lodged with the Court no later than **September 24, 2025**. The Statement must be lodged in .pdf format via email to efile_goddard@casd.uscourts.gov (not filed). The substance of the Settlement Conference Statement must comply fully with Judge Goddard's Mandatory Settlement Conference Rules (located at https://www.casd.uscourts.gov/Judges/goddard/docs/Goddard%20Mandatory%20Settlement%20Conference%20Rules.pdf). Each party may also prepare an **optional** Confidential Settlement Letter for the Court's review only, to be lodged with the Court no later than **September 24, 2025**. The Letter must be lodged in .pdf format via email to efile_goddard@casd.uscourts.gov (not filed). Should a party choose to prepare a Letter, the substance of the Settlement Conference Letter must comply fully with Judge Goddard's Mandatory Settlement Conference Rules. **All parties are ordered to read and to fully comply with the Chambers Rules and Mandatory Settlement Conference Rules of Magistrate Judge Allison H. Goddard**.

7. The final Pretrial Conference **remains** scheduled on the calendar of the **Honorable Dana M. Sabraw** on **October 3, 2025** at **10:30 a.m.** The trial **remains** scheduled to start on **November 3, 2025** at **9:00 a.m.**

**IT IS SO ORDERED.**

Dated: June 9, 2025

_____
Honorable Allison H. Goddard
United States Magistrate Judge