UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF WILLIAM HAYDEN SCHUCK, et al.,<br><br>                              Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>                              Defendants. | Case No.: 3:23-cv-00785-DMS-AHG<br><br>**ORDER RESOLVING OPPOSED JOINT MOTION AND DENYING DEFENDANTS' MOTION TO VACATE MANDATORY SETTLEMENT CONFERENCE AND REMAINING PRETRIAL DEADLINES**<br><br>**[ECF No. 147]** |

Before the Court is the parties' opposed joint motion to vacate the Mandatory Settlement Conference ("MSC") and remaining pretrial deadlines. ECF No. 147. Defendants seek an order from the Court vacating the upcoming MSC, which is presently set for September 30, 2025, and vacating all remaining pretrial deadlines, including the October 3, 2025, pretrial conference and the November 3, 2025, trial. *Id*. at 1–4. Plaintiffs oppose or, in the alternative, seek a continuance of the dates instead. *Id*. at 4–5.

Parties seeking to continue deadlines in the scheduling order must demonstrate good cause. FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent"); *see also* Chmb.R. at 2 (stating that any request for continuance

requires "[a] showing of good cause for the request"). Courts have broad discretion in determining whether there is good cause. *See, e.g.*, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992); *Liguori v. Hansen*, No. 2:11cv492-GMN-CWH, 2012 WL 760747, at *12 (D. Nev. Mar. 6, 2012). "Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson*, 975 F.2d at 609 ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification.... If that party was not diligent, the inquiry should end.") (internal citation omitted).

 Here, Defendants represent that they "cannot evaluate, recommend, or obtain settlement authority for claims" until Defendants' Motions for Summary Judgement (ECF Nos. 109, 110) are decided. ECF No. 147 at 2. Defendants argue that "[c]onducting the MSC while dispositive motions are pending will likely result in an unnecessary waste of the parties' respective time and resources, in addition to a waste of judicial resources." *Id*. Defendants also contend that the uncertainty impacts their ability to discuss settlement authority with the County Board of Supervisors. *Id*. at 3. As such, Defendants request that the September 30, 2025, MSC be vacated. Plaintiffs oppose this request. *Id*. at 4. Plaintiffs cast doubt on Defendants' assertions regarding their inability to obtain settlement authority prior to summary judgment motions being decided. *Id*. Further, Plaintiffs explain that the arguments set forth in the summary judgment motions regarding qualified immunity no longer require delay, as Plaintiffs did not oppose the dismissal of the only defendant who raised qualified immunity. *Id*.

 Regarding the remaining dates in the case, Defendants seek a Court order vacating all scheduling order deadlines until after the summary judgment motions have been decided. *Id*. at 3–4. Defendants argue that "[t]he content of the disclosures, memorandums, and the pretrial conference order coming due will depend on the outcome of the pending motions, as does what will and should be discussed at the Rule 16.1 meeting." *Id*. at 3.

Plaintiffs oppose this request as well. *Id*. Plaintiffs explain that they have "already expended significant time focusing their efforts on this matter" and seek to proceed with trial as soon as possible while "witnesses are available and memories are fresher." *Id*. In the alternative, Plaintiffs request that the Court continue the deadlines in lieu of vacating them. *Id*. at 5.

Upon due consideration, the Court **DENIES** Defendants' motion to vacate the MSC and remaining pretrial deadlines. ECF No. 147. The MSC on September 30, 2025, is approximately one month away, so any contention that the summary judgment motions will not be ruled on in time is premature. The Court also is not fully persuaded that rulings on the summary judgment motions are a necessary prerequisite to meaningful settlement discussions. The Court will, however, slightly modify the pre-MSC deadlines.[1] Regarding

---

[1] The Court modifies the pre-conference deadlines as follows:
    1.    No later than **September 25, 2025**, each party must submit to the Court via email (not filed) (at efile_goddard@casd.uscourts.gov) the names, titles, and email addresses of all attendees. Court staff will then email all participants detailed instructions regarding the location of the Court's conference rooms.
    2.    Plaintiffs must serve on Defendants a **written** settlement proposal, which must include a specific demand amount, no later than **September 17, 2025**.
    3.    The Defendants must respond to the Plaintiffs **in writing** with a specific offer amount prior to the Meet and Confer discussion. The parties should not file or otherwise copy the Court on these exchanges. Rather, the parties must include their written settlement proposals in their respective Settlement Conference Statements to the Court.
    4.    Counsel for the parties must meet and confer in person or by phone no later than **September 22, 2025**.
    5.    Each party must prepare a Settlement Conference Statement, which will be served on opposing counsel and lodged with the Court no later than **September 25, 2025**. The Statement must be lodged in .pdf format via email to efile_goddard@casd.uscourts.gov (not filed). The substance of the Settlement Conference Statement must comply fully with Judge Goddard's Mandatory Settlement Conference Rules (located at https://www.casd.uscourts.gov/Judges/goddard/docs/Goddard%20Mandatory%20Settlement%20Conference%20Rules.pdf).
    6.    Each party may also prepare an **optional** Confidential Settlement Letter for the Court's review only, to be lodged with the Court no later than **September 25, 2025**. The Letter must be lodged in .pdf format via email to efile_goddard@casd.uscourts.gov (not filed). Should a party choose to prepare a Letter, the substance of the Settlement Conference Letter must comply fully with Judge Goddard's Mandatory Settlement Conference Rules.

1  the remaining pretrial deadlines, the Court notes that the Pretrial Conference Order and
2  objections to pretrial disclosures are due on September 26, 2025, over three weeks away.
3  Any contention that the summary judgment motions will not be ruled on in time is also
4  speculative and premature. As such, the Court does not find good cause to vacate the
5  pretrial dates and deadlines at this time. The denial of the instant motion is without
6  prejudice to refiling at a later date.

**IT IS SO ORDERED.**

Dated:  September 3, 2025

_____
Honorable Allison H. Goddard
United States Magistrate Judge